THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Clifford Mount | § | |
| | § | |
| v. | § | C.A. No. 1:11-cv-374 |
| | § | |
| The Kansas City Southern Railway Company | § | Jury Trial Demanded |

## COMPLAINT

NOW Comes the plaintiff, Clifford Mount, by and through his attorneys, and files the following Complaint under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. 621 et *seq*.

### Parties

1. Plaintiff, Clifford Mount, is a natural person. At all relevant times, Mr. Mount was employed by The Kansas City Southern Railway Company ("KCS"). KCS discriminated and retaliated against Mr. Mount on account of his refusal to participate in KCS' illegal scheme to discriminate against older employees in violation of the ADEA.

2. Defendant KCS, is a foreign corporation which is subject to personal jurisdiction in the Eastern District of Texas in that is has regular and systematic contact with this District. Service of process may be had upon Defendant's registered agent for service of process, **C.T. Corporation System, 350 N. St. Paul, Dallas, Texas 75201**.

3. KCS is an "employer" under the ADEA, 29 U.S.C. 630(b).

4. Mr. Mount is an "employee" under the ADEA, 29 U.S.C. 630(f).

5. Mr. Mount is a member of the class of persons protected by the ADEA in that he opposed KCS' illegal practices under the ADEA.

**Jurisdiction and Venue**

6. This Court has jurisdiction over this Complaint pursuant 28 U.S.C. 1331.

7. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within this district, and because Defendant resides in this District.

8. Mr. Mount has exhausted all available administrative remedies as he has filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued a Notice of Right to Sue on or about May 19, 2011.

**Allegations of Discrimination**

9. Mr. Mount commenced employment with KCS in 1979. During the first 20 years of Mr. Mount's career with KCS, he worked as a brakeman, conductor, and engineer. About 1999, Mr. Mount went into a management position with KCS as an assistant trainmaster. About 2008, Mr. Mount was promoted to Terminal Trainmaster. At the times relevant to this suit, Mr. Mount was the KCS Terminal Trainmaster for Lake Charles, Louisiana. Mr. Mount's duties included supervising train crews (brakemen, conductors, and engineers) which were operating within his territory. Mr. Mount's immediate supervisor was Eloy Sanchez, who worked out of Beaumont, Texas. Mr. Sanchez's supervisor was Mark Redd, who worked out of The Woodlands, Texas.

10. As part of his duties as an assistant trainmaster and terminal trainmaster, Mr. Mount participated in weekly management conference calls. In 2008 and 2009, Mark Redd and Eloy Sanchez, among many others participated in the weekly conference calls. In early 2009, during one of the conference calls, Eloy Sanchez asked the following question of all of the managers in the division: "who do you want out there? A younger man who can do the job quicker and safer, or an older man who is apt to work slow and get hurt?" Giving an example of

"an older man who is apt to work slow and get hurt," Mr. Sanchez specifically pointed out Mr. A.J. Wood, a KCS brakeman/conductor who worked for Mr. Mount.  Mr. Wood was in his sixties.  Mr. Redd and Mr. Sanchez pressured Mr. Mount to target Mr. Wood for additional job testing and rule violations so that KCS would have an excuse to fire Mr. Wood.

11. Mr. Mount refused to participate in KCS' illegal age discrimination scheme.  Mr. Mount refused to target Mr. Wood or any other older KCS employees for pretextual rule testing, rule violations, and/or discipline.  As a result of Mr. Mount's opposition to KCS' illegal scheme, KCS fired Mr. Mount on June 6, 2009.

12. Thereafter, Mr. Redd fired Mr. Wood on August 17, 2009 for pretextual rule violations.

13. At all times relevant to this suit, Mr. Wood was a member of the class of persons protected by the ADEA in that he was over 40 years of age.  Mr. Wood was an "employee" of KCS under the ADEA, 29 U.S.C. 630(f).  KCS' discrimination against Mr. Wood on account of his age was a violation of the ADEA.

14. As a direct result of KCS' discriminatory and retaliatory practices in violation of the ADEA, Mr. Mount has lost wages and other economic benefits of his employment with defendant.  In addition, Mr. Mount has incurred attorney's fees and other costs in pursuing his legal rights, and will continue to incur such expenses until this action is completed.

**Prayer**

WHEREFORE, Mr. Mount demands: (1)  judgment against KCS in an amount to make him whole for all damages suffered by him as a result of KCS' violation of the ADEA, including, but not limited to, damages for back pay and benefits, front pay and benefits, compensatory damages, liquidated damages, legal fees, legal costs and all other damages recoverable under the ADEA; (2) that this Court enjoin KCS from further discriminatory

practices; and, (3) that this Court grant him all other relief that he is entitled to under the law and in equity.

        Respectfully submitted,

        /s/ Jerry Easley
        Jerry Easley, Tex. Bar No. 24050021
        Bristol Baxley, Tex. Bar No. 00787049
        **Rome Arata & Baxley, L.L.C.**
        9307 Broadway, Suite 309
        Pearland, Texas 77584
        Ph:    (281) 993-0000
        Fax:   (281) 993-0035

        ATTORNEYS FOR PLAINTIFF

        **A JURY TRIAL IS DEMANDED**